NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : : | Criminal Action No. 12-493 (SRC) |
| v. | : : : | OPINION |
| MAURICE KINARD | : : : : |  |

**CHESLER**, District Judge

This matter comes before the Court on the motion of Defendant Maurice Kinard ("Defendant") for early termination of his term of supervised release. The United States of America opposes the motion. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument. For the reasons that follow, the Court will deny Defendant's motion.

On March 11, 2010, law enforcement officials learned Defendant, at the time a fugitive wanted by the New Jersey Department of Corrections, was conducting a drug transaction in Linden, New Jersey. The officers observed the transaction, and shortly thereafter, stopped his vehicle. Defendant falsely identified himself as "Audre Hill," a police officer of the New York Police Department. While the officers attempted to verify Defendant's identity, they observed him throwing a white powder out of his vehicle, later identified as cocaine. The officers arrested him. Upon a search of Defendant's vehicle, the officers also found a .38 caliber handgun with hollow-point bullets.

On July 23, 2012, Defendant was indicted for conspiring to distribute and possessing with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two). Defendant plead guilty to both counts on October 26, 2012.

Defendant had already amassed a sizable criminal record before his 2010 arrest. The Presentence Report details several convictions for numerous crimes going back as far as 1989. Defendant's convictions include assault with a deadly weapon where he shot an individual in the face, arm, and back. Defendant has also been convicted of possession with intent to distribute cocaine, larceny, forgery, fraudulent use of a credit card, and resisting arrest. Additionally, Defendant's record includes several violations of past conditions of supervised release, and his abscondment from a halfway house in violation of a New Jersey state sentence. Presentence Report ¶¶ 49-66.

Defendant's considerable criminal records impacted his sentence. The Court determined Defendant had a criminal history category of V. With an offense level of 25, Defendant faced a guidelines range of 100-125 months. The Court sentenced Defendant to 108 months because the Court concluded a substantial sentence—one above the guidelines minimum—was necessary to achieve the goals of sentencing in light of Defendant's history of unlawful behavior. Defendant's sentence was later reduced to 98 months following amendments to the sentencing guidelines which would have lowered Defendant's guidelines range.

Defendant completed his term of imprisonment on March 3, 2020, and began his five-year term of supervised release. On March 17, 2023, Defendant filed the instant motion with this Court for early termination of his term of supervised release, noting his compliance with the conditions

of his release and his desire to vote.

The Court may terminate a term of supervised release in felony cases after one year if it is satisfied that termination is warranted by the conduct of the individual under supervision and if termination is in the interest of justice. 18 U.S.C. § 3583(e)(1). In making this determination, the Court must weigh the 18 U.S.C. § 3553(a) sentencing factors, which are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentence and sentencing range established for the defendant's crimes;
> (4) pertinent policy statements issued by the United States Sentencing Commission;
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (6) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The Court is not required to make specific factual findings with respect to each factor. Rather, "a statement that [the Court] has considered the statutory factors is sufficient." United States v. Melvin, 978 F.3d 49, 53 (3d Cir. 2020) (quoting United States v. Gammarano, 321 F.3d 311, 315-16 (2d Cir. 2003)). This inquiry affords significant discretion to the Court. Id. at 52.

The Court has considered the § 3553(a) sentencing factors and concludes the early termination of Defendant's term of supervised release is not warranted. In particular, Defendant's criminal history, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of Defendant all justify Defendant's sentence, including his entire term of supervised release. Defendant has a serious criminal record, and it includes multiple instances of violating conditions of his supervised release. Here, Defendant's compliance with his

current conditions of supervised release is not enough to justify early termination, especially where he has violated similar conditions in the past, and his current conditions provide guiderails to living lawfully.  The Court appreciates Defendant's desire to vote, but that does not justify termination of supervised release in light of the § 3553(a) sentencing factors.

    For the foregoing reasons, the Court will deny Defendant's motion for early termination of supervised release.  An appropriate order will be filed.

                                                    s/ Stanley R. Chesler
                                                   STANLEY R. CHESLER
                                                   United States District Judge

Dated:  May 24, 2023